In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC

2008 FEB 27  A 11: 32

| | |
|---|---|
| KENDALL E. CAMPBELL, ) | C. A. No. 9:02-3936-TLW-GCK |
| Plaintiff, ) | **AMENDED REPORT** |
| ) | **AND RECOMMENDATION** |
| -vs- ) | |
| Michael J. Astrue, Commissioner ) | |
| of Social Security, ) | |
| Defendant. ) | |



This matter is before the court on a petition for approval of attorney's fees submitted by plaintiff's counsel, Robertson H. Wendt, Jr., Esquire on December 20, 2007. The record indicates the plaintiff filed an application for disability insurance benefits on November 21, 2002, pursuant to the Social Security Act, 43 U.S.C. §405(g) seeking judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for disability insurance benefits (DIB). By Order entered February 26, 2004, United States District Judge for the District of South Carolina, the Honorable Terry L. Wooten remanded this case to the Commissioner for further action consistent with the Report and Recommendation of the undersigned Magistrate Judge.

After the expiration of the prescribed time period for appeal, plaintiff petitioned the District Court for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412. ("EAJA") By order entered May 7, 2004, the District Court awarded EAJA attorney's fees of $2,870.01 (for 19.2 hours at $149.48 per hour) and costs of $150.00.

On remand, a new hearing was held and a second unfavorable ALJ decision was issued on

September 30, 2004. The plaintiff filed exceptions with the Appeals Council and on May 31, 2007 the Appeals Council issued a partially favorable decision. The plaintiff and his dependent child were awarded past-due benefits of $74,476.00, of which 25% ($18,619.00) was withheld pending approval of attorney's fees.

Plaintiff's counsel now petitions the District Court for approval of §406(b) attorney's fees of $18,619.00 from the past-due benefits for 17.7 hours of legal services expended in the District Court. The attorney's fee requested is 25% of the past-due benefits. This was the amount which the Plaintiff and his attorney contracted to be paid in the event of successful representation.

The Commissioner filed a Response Opposing Plaintiff's Motion for Attorney's Fee on January 3, 2008, asking the Court not to award the full amount of fees requested, but to instead award an amount that is reasonable.

In <u>Morris v. Social Security Administration</u>, 689 F.2d 495 (4th Cir. 1982), the Fourth Circuit Court of Appeals addressed the issue of attorney's fees:



> Subsection (a) of 42 U.S.C. §406 authorizes the Secretary to certify a maximum of twenty-five per cent of a claimant's past due benefits as fees for the attorney who successfully represents the claimant in the agency proceedings. Similarly, subsection (b)(1) authorizes the court to allow up to twenty-five per cent of a claimant's past-due benefits as fees the attorney who successfully represents his client before the court. The district court, however, is to award attorney's fees pursuant to section 406(b)(1) without considering any services the attorney may have performed before the Secretary. <u>Whitt v. Califano</u>, 601 F.2d 160, 161-62 (4th Cir. 1979). The Secretary alone is empowered to make awards for services rendered in agency proceedings. <u>Id</u>. at 162. Nonetheless, an attorney's entitlement to fees for court services is not eliminated when the court does no more than remand the case to the Secretary, as in the instant case. See <u>Conner v. Gardner</u>, 381 F.2d 497, 500 (4th Cir. 1967). While the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under subsection (b)(1), the legislative history of section 406

>       convinces us that the court must take into account any fees fixed by the
>       Secretary.

Morris, 689 F.2d at 496-97.

The court, having reviewed the record, the time expended in the judicial proceedings, the maximum amount allowable under 42 U.S.C. §406, and the factors articulated in Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir. 1978), concludes that the fee requested for federal court services ($18,619.00) is reasonable under the circumstances of this case. While extensive delays occurred before the fully favorable Appeals Council decision was issued in this case, they were not attributable to plaintiff's counsel.

The fee requested is not out of line with the amount of time expended by counsel. The fee requested ($18,619.00) amounts to $1,051.92 per hour for a total of 17.7 hours expended in the District Court. However, the Fourth Circuit has held that in determining the reasonableness of a §406(b) fee, the district court may also consider the time spent and work performed by counsel when the case was pending at the administrative level. Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005). In the end, the District Court can only award a §406(b) fee to compensate for court-related work, but the consideration of services rendered before the agency is appropriate insofar as it can give the District Court a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the results achieved in district court. Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005).



In this case, Plaintiff's counsel performed 37.5 hours of administrative legal services. Plaintiff's counsel has represented to the court that he will not file an administrative fee petition if the

25% fee is approved by the District Court. The total number of hours expended for administrative and federal services amounts to 55.2 hours. By taking this additional time into consideration, the 25% attorney's fee requested in this fee petition amounts to only $337.30 per hour.

When the Court makes a dual award of attorney's fees out of the plaintiff's past-due benefits and under EAJA, the attorney must refund the lesser of the two fees to the extent that they represent payment for the identical services. <u>Wells v. Bowen</u>, 855 F.2d 37 (2nd Cir. 1988). Here, the court previously awarded and the Commissioner paid $2,870.01 in EAJA attorney's fees. If the District Court approves this Report and Recommendation which recommends payment of $18,619.00 pursuant to §406(b), the plaintiff will pay a net attorney's fee of $15,748.99 after receiving credit for the fees already paid under EAJA.

Therefore, it is recommended that the Commissioner remit the amount of $18,619.00 to plaintiff's attorney out of the 25% amount withheld from the past-due benefits of the plaintiff and his dependent child, and that plaintiff's counsel shall refund to plaintiff the EAJA attorney's fee of $2,870.01, upon receipt by plaintiff's counsel of the §406(b) attorney's fees awarded for his services in this case.

_____
George C. Kosko
United States Magistrate Judge

February 26, 2008

Charleston, South Carolina